UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MOHAMMAD UDDIN, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>       v.<br><br><br>CONN'S, INC., NORMAN L. MILLER, and GEORGE L. BCHARA,<br><br>                  Defendants. | Case No.  4:20-cv-01705<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RONNY D. ALEXANDER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ..................................................................................... 2

ARGUMENT ........................................................................................................ 3

I.      ALEXANDER SHOULD BE APPOINTED LEAD PLAINTIFF .................................... 3

        A.      Alexander Is Willing to Serve as Class Representative .......................................... 4

        B.      Alexander Has the "Largest Financial Interest" in the Action .............................. 4

        C.      Alexander Otherwise Satisfies the Requirements of Rule 23 ................................. 5

II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........... 7

CONCLUSION .................................................................................................... 8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Buettgen v. Harless*,
263 F.R.D. 378 (N.D. Tex. 2009) ..............................................................................................5

*Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 12-CV-3772-G,
2012 WL 6625382 (N.D. Tex. Dec. 20, 2012) ..........................................................................6

*In re BP, PLC Sec. Litig.*,
758 F. Supp. 2d 428 (S.D. Tex. 2010) ......................................................................................5

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)......................................................................................................5

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ..........................................................5

*In re Dynegy, Inc. Sec. Litig.*, C.A. No. H-02-1571,
2002 U.S. Dist. LEXIS 27858 (S.D. Tex. Oct. 28, 2002)..........................................................8

*In re Enron Corp. Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002)...........................................................................................5, 6

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005) .................................................................................................8

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..........................................................................................5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................................6

*James v. City of Dallas, Tex.*,
254 F.3d 551 (5th Cir. 2001) ....................................................................................................6

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997).............................................................5

*Mullen v. Treasure Chest Casino, LLC*,
186 F.3d 620 (5th Cir. 1999) ....................................................................................................7

*Stein v. Match Group, Inc.*, No. 16-cv-549-L,
2016 WL 3194334 (N.D. Tex. June 9, 2016) .......................................................................6, 7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii) ............................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................. *passim*

Ronny D. Alexander ("Alexander") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Alexander as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired the securities of Conn's, Inc. ("Conn's") between September 3, 2019 and December 9, 2019, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class in the above-captioned action (the "Action").

## PRELIMINARY STATEMENT

The complaint in the Action (Dkt. No. 1) (the "Complaint") alleges that during the Class Period, Conn's and certain of its officers (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) by misrepresenting Conn's business and operations.  Conn's investors, including Alexander, incurred significant losses on December 10, 2019, after Conn's reported its third quarter 2020 financial results, which included a significant decline in revenue from the same period in the prior year.  Complaint ¶ 3.  On this news, Conn's stock price fell sharply, damaging Alexander and other Conn's investors.  *Id.* ¶ 4.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Fed. R. Civ. P. 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Alexander, having incurred losses of approximately $58,537 in connection with his Class Period purchases of Conn's securities, believes that he has the largest financial interest in the relief sought in this action.  *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A.

1

Beyond his significant financial interest, Alexander also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class.

In order to fulfill his responsibilities as Lead Plaintiff and vigorously prosecute this action on behalf of the Class, Alexander has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States.

Accordingly, based on his significant financial interest and commitment to overseeing this litigation, Alexander respectfully requests that the Court enter an order appointing him as Lead Plaintiff and approving his selection of Lead Counsel.

## STATEMENT OF FACTS

As the Complaint in the Action alleges, Conn's is a specialty retailer that sells branded durable consumer goods. Complaint ¶ 2. Conn's has two reportable segments: (i) retail, which includes product categories such as furniture, home appliance, consumer electronics, and home office; and (ii) credit, which includes the Company's in-house consumer credit programs. *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. *Id.* ¶ 5. Specifically, Defendants failed to disclose to investors that: (1) Conn's was experiencing an increase in first payment defaults and 60-plus day delinquencies; (2) as a result, Conn's was reasonably likely to record an increase to its provision for bad debts; (3) the Company made certain underwriting adjustments, including tightening its standards for new customers and online applicants; (4) as a result, the Company's same-store sales would be

adversely impacted; and (5) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis. *Id.*

On December 10, 2019, before the market opened, Conn's reported its third quarter 2020 financial results in a press release. *Id.* ¶ 3. Therein, the Company reported retail revenues of $280.3 million, compared to $284.1 million in the prior year period. *Id.* Conn's attributed the revenue decline to a decrease in same store sales, which "reflects underwriting adjustments made during the three months ended October 31, 2019." *Id.*

On this news, the Company's stock price fell $6.85 per share, or over 33%, to close at $13.65 per share on December 10, 2019, on unusually heavy trading volume. *Id.* ¶ 4.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Alexander and other Class members have suffered significant losses and damages. *Id.* ¶ 6.

## ARGUMENT

### I.     ALEXANDER SHOULD BE APPOINTED LEAD PLAINTIFF

Alexander should be appointed Lead Plaintiff because, to his knowledge, Alexander has the largest financial interest in the current action and otherwise satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any

such notice.  Specifically, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Alexander satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    Alexander Is Willing to Serve as Class Representative

On May 15, 2020, counsel for plaintiff in this Action caused a notice to be published over *Business Wire*, pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that the Action had been filed against Defendants and advised investors in Conn's securities that they had 60 days—*i.e.*, until July 14, 2020—to file a motion to be appointed as lead plaintiff (the "Notice"). *See* Lieberman Decl., Ex. B.  Alexander has filed the instant motion pursuant to the Notice and has attached a signed Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Alexander satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.    Alexander Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Alexander has the largest financial interest of any Conn's investor or group of investors seeking to serve as Lead Plaintiff.

4

For claims arising under Exchange Act §10(b), courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*:  (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these *Lax* factors have been adopted by courts in the Fifth Circuit, including courts in this district specifically.  *See, e.g., In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 433 (S.D. Tex. 2010); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002); *Buettgen v. Harless,* 263 F.R.D. 378, 380 (N.D. Tex. 2009).

During the Class Period, Alexander: (1) purchased 4,000 shares of Conn's stock; (2) expended $99,380 on purchases of Conn's stock; (3) retained all of his shares of Conn's stock; and (4) incurred losses of approximately $58,537 in connection with his transactions in Conn's shares during the Class Period.  *See* Lieberman Decl., Ex. A.  To the extent that Alexander possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiffs.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.  Alexander Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the

---

[1] *See e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 12-CV-3772-G, 2012 WL 6625382, at *2 (N.D. Tex. Dec. 20, 2012). Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck*, 976 F. Supp. at 546); *see also Enron*, 206 F.R.D. at 441.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as those of the other class members." *Stein v. Match Group, Inc.*, No. 16-cv-549-L, 2016 WL 3194334, at *5 (N.D. Tex. June 9, 2016). "'Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001) (quoting 5 James Wm. Moore, *et al.*, *Moore's Federal Practice* ¶ 23.24[4] (3d ed. 2000)).

Alexander's claims are typical of those of the Class. Alexander alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Conn's. Alexander, as did all members of the Class, purchased Conn's shares during the Class Period at prices alleged to have been artificially inflated by Defendants'

6

misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Conn's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of th[e] litigation to ensure vigorous advocacy." *Stein*, 2016 WL 3194334,at \*5; *see also Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625-26 (5th Cir. 1999) (indicating that "[d]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests.").

Alexander has submitted a signed Certification declaring his commitment to protecting the interests of the Class. *See* Lieberman Decl., Ex. C. Further, there is no evidence of antagonism or conflict between Alexander's interests and the interests of the Class. The significant losses incurred by Alexander demonstrate that he has a sufficient interest in the outcome of this litigation.

Finally, as set forth in greater detail below, in Pomerantz, Alexander has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action and submits his choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's choice only if necessary to "protect the interests of the class." 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II)(aa). *See also In re Dynegy, Inc. Sec. Litig.*, C.A. No. H-02-1571, 2002 U.S. Dist. LEXIS 27858, at *21 (S.D. Tex. Oct. 28, 2002); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005).

Here, Alexander has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Pafiti Decl., Ex. D. Pomerantz is based in New York, with offices in Chicago, Los Angeles, and Paris, France. As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of Petrobras investors, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. As co-lead counsel in *In re Yahoo! Inc. Securities Litigation*, No. 17-cv-00373 (N.D. Cal.), Pomerantz recently secured a recovery of $80 million on behalf of Yahoo! investors, the first substantial shareholder recovery in a securities fraud class action related to a cybersecurity breach.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant action, Alexander's counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of counsel by Alexander, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Alexander respectfully request that the Court issue an Order: (1) appointing Alexander as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated:  July 14, 2020

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*

Jeremy A. Lieberman
(S.D. Tex. Federal Bar Number 1466757)
J. Alexander Hood II
(S.D. Tex. Federal Bar Number 3086579)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
(*pro hac vice* application forthcoming)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

THE SCHALL LAW FIRM
Brian Schall
(*pro hac vice* application forthcoming)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: 310-301-3335
Fax: 877-590-0482
brian@schallfirm.com

*Additional Counsel for Movant*

## CERTIFICATE OF SERVICE

This is to certify that on July 14, 2020, I have caused to be filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

/s/ Jeremy A. Lieberman
Jeremy A. Lieberman

10